UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDENSMITH,

    Plaintiff,

                                      CASE NO. 2:12-CV-14000
v.                                 JUDGE AVERN COHN
                                      MAGISTRATE JUDGE PAUL KOMIVES

MELODY WALLACE, et al.,

    Defendants.
                                  /

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (docket #10 & #16)**

I.    RECOMMENDATION: The Court should grant defendants' motions for summary judgment.

II.    REPORT:

A.    *Procedural Background*

Plaintiff David Lindensmith is a state prisoner who, at the times relevant to his action, was incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Plaintiff commenced this action on September 11, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Named as defendants are Melody Wallace, Manager of MDOC's Policy and FOIA Section; Corrections Officers Sandra Snyder-Sumner and Robert Days; Resident Unit Officer (RUO) Robert Gillespie; Assistant Resident Unit Supervisor (ARUS) Christopher Young; and Resident Unit Manager (RUM) Sabena Western. Plaintiff also names as a defendant the estate of library technician Prince. Plaintiff's complaint alleges:

> On 9-30-11, Plaintiff submitted a photocopy disbursement to have a blank § 1983 complaint form copied. It was denied by Library Technician Prince. On 10-4-11 the Plaintiff wrote a grievance on Mr. Prince. Grievance Coordinator M. Cooke

> interviewed the Plaintiff on 10-6-11. At this interview, M. Cook made a veiled threat to have Plaintiff moved if he did not sign off on the grievance against Mr. Prince. On 10-28-11, Plaintiff tried to send out legal mail, Ofc. M. Sumner refused to allow me access to an ARUS in order to send that legal mail out. Instead Ofc. Gillespie sent the Plaintiff to have a new ID made because he did not like the one Plaintiff had, which had been issued at another facility. Plaintiff grieved these actions on 10-28-11.
> 
> On 11-5-11, Officers Gillespie, and Sumner, ARUS's Day and Young, and RUM Weston (sic) retaliated against the Plaintiff for writing grievances on the officers for refusing to allow the Plaintiff to send out legal mail, by having the Plaintiff transferred from a one man cell to an eight man cubicle. As a result, the Plaintiff suffered a pulled muscle over his heart which still causes pain, and was no longer able to practice his religious beliefs.
> 
> On 12-7-11, Library Technician Prince refused to photocopy a proposed amendment to the Plaintiff's § 1983 complaint concerning the destruction of his religious books at another facility (10-cv-13530, Lindensmith vs. Melissa Jerome, et al.), being sent to the Defendants per E.D. Mich. LR 7.1(a)(1), (2), (3). Mr. Prince told the Plaintiff that he had contacted Melody Wallace at the Office of Legal Affairs and that she told him not to copy the documents because they could be reproduced by the Plaintiff (the amendment was 53 pages long, time[s] 8 copies for the court and defendants, equaling approx. 424 pages the Plaintiff was expected to retype over again).
> 
> On 12-13-11, the Plaintiff resubmitted the documents after having every page notarized at a dollar a page, Mr. Prince still refused to photocopy the amended complaint, even when shown the policy stating that all notarized documents were to be photocopied. The issue was grieved, but before the interviewed could review the step one grievance, the District Court had dismissed the Plaintiff's action.

Compl., Statement of Facts, at 3, 5-6. Plaintiff claims that defendants Gillespie, Sumner, Day, Young, and Western retaliated against him for filing grievances by moving him out of his one-man cell, in violation of his First Amendment rights. As a result of this retaliation, plaintiff alleges, he suffered a physical injury and lost the ability to practice his religious beliefs. Plaintiff also claims that defendants' actions violated the Religious Land Use and Institutionalize Persons Act (RLUIPA). Finally, plaintiff claims that defendants Wallace and Prince violated his right of access to the courts. Plaintiff seeks compensatory and punitive damages, as well as numerous forms of injunctive relief.

The matter is currently before the court on two motions for summary judgment filed by the defendants. First, on November 27, 2012, defendants Wallace, Snyder-Sumner, Days, Young, and Western filed a motion to dismiss or in the alternative for summary judgment. Defendants argue plaintiff has failed to exhaust his administrative remedies with respect to all of his claims except for the retaliation claims against defendants Snyder-Sumner, Days, and Gillespie. With respect to those remaining retaliation claims, defendants argue that they are entitled to summary judgment on the merits. Plaintiff filed a response to the motion on December 17, 2012. Second, on February 4, 2013, defendant Gillespie filed a motion to dismiss or in the alternative for summary judgment, arguing that he is entitled to summary judgment on the merits of plaintiff's retaliation claim against him. Plaintiff filed a response to this motion on February 28, 2013.[1]

B.   *Legal Standard*

Although defendants move for both dismissal under Rule 12(b)(6) and summary judgment under Rule 56 alternatively, because the parties have included matters outside the pleadings the Court should consider the matter solely under Rule 56. Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In

---

[1]For ease of reference, defendant Gillespie's motion will be cited herein as "Def. Gillespie's Mot. for Summ. J." while the motion of the remaining defendants will be cited simply as "Def.s' Mot. for Summ. J." It does not appear that the estate of defendant Prince has been served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving

party." *Sutherland*, 344 F.3d at 613.

C.  *Exhaustion*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust a civil rights claim, a prisoner must comply with the prison system's "procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). As the Supreme Court recently explained, the scope of a prisoner's obligation to exhaust is defined not by the PLRA itself, but by the prison's grievance procedures:

> [T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (citations omitted).

Michigan provides for a three-step grievance procedure. A Step I grievance is directed to the Step I Grievance Coordinator at the facility in which the prisoner is incarcerated. If the prisoner

is dissatisfied with the Step I response, she may file a Step II appeal to the Warden of the facility. If the prisoner is again dissatisfied with the Step III response, she may file a Step III appeal to the Director of the Department of Corrections or her designee. *See* MICH. DEP'T OF CORRECTIONS POLICY DIRECTIVE 3.02.130(V), (BB), (FF) (effective July 9, 2007). The Policy Directive provides that a prisoner must include "the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id*., § (R).

The evidence submitted by the parties establishes that plaintiff has filed 22 grievances through Step III of the grievance process while incarcerated at the Parnall Correctional Facility. Six pre-date the events at issue in plaintiff's complaint, and thus could not exhaust any of his claims. *See* Def.'s Br., Ex. B (grievance report). The remaining grievances are reflected in the following chart:

| Def.s' Ex. | Grievance No. (SMT-) | Date of incident | Persons Named | Issues Grieved |
|---|---|---|---|---|
| C | 11-10-1367-17z | 10/31/11 | Days | denied envelopes to send out legal mail |
| D | 11-10-1378-17b | 10/28/11 | Gillespie | retaliation by not allowing plaintiff to send legal mail and requiring him to get a new ID card |
| E | 11-12-1655-14f | 12/10/11 | Fazekas-Hardy, Prince | denial of legal photocopies |
| F | 11-12-1656-20c | 11/22/11 | warden, chaplain | denial of Kosher diet and religious items |
| G | 11-11-1546-27a | 11/23/11 | Sergeant Brown | improper increase in misconduct ticket |
| H | 11-11-1545-27a | 11/23/11 | Officer Quainton | false misconduct ticket |
| I | 11-11-1564-28i | 11/20/11 | Officer Smith | confiscation of TV |
| J | 11-11-1535-28b | 11/20/11 | third shift supervisor | confiscation of TV |
| L | 11-11-1519-27a | 11/15/11 | Lt. Owens, Officer Quainton | falsification of documents |

| | | | | |
|---|---|---|---|---|
| M | 11-11-1463-28a | 11/9/11 | Young, Days, Gillespie | retaliation by moving plaintiff to less secure housing unit |
| N | 11-11-1528-28i | 11/21/11 | Officer Smith | plaintiff awoken for no reason |
| O | 11-11-1432-17z | 11/5/11 | Snyder-Sumner, Gillespie | retaliation by moving plaintiff to less secure housing unit |
| P | 11-11-1426-17z | 11/5/11 | Grievance investigator Cooke | threats/retaliation |
| Q | 11-11-1400-17z | 11/20/11 | Gillespie | retaliation by failing to grant plaintiff a pass for the law library |
| R | 11-11-1436-28a | 11/5/11 | Snyder-Sumner, Gillespie, Days | retaliation by moving plaintiff to less secure housing unit |
| S | 11-10-1254-14f | 9/30/11 | Prince | denial of legal photocopies |

Plaintiff does not assert that he filed any other grievances not identified by defendants.

As a review of these grievances demonstrates, plaintiff did not grieve any issues against defendants Wallace and Western. By failing to name them in any grievance, plaintiff failed to comply with the grievance policy, and he therefore did not properly exhaust his claims as to these defendants. *See Rogers v. Caruso*, No. 1:11-cv-1121, 2013 WL 1339684, at *1 (W.D. Mich. Mar. 29, 2013). Plaintiff did, however, exhaust his retaliation claims against defendants Snyder-Sumner, Gillespie, Young, and Days.[2] Plaintiff also exhausted his access to courts claim against defendant Prince. Accordingly, the Court should grant summary judgment to defendants Wallace and Western

---

[2] Defendants argue that plaintiff did not exhaust his claims as to defendant Young. Young was named in the grievance attached as Exhibit M, but this grievance was denied as duplicative of plaintiff's prior grievance alleging retaliation. Defendants argue that plaintiff therefore failed to follow the grievance procedure, and his claim against defendant Young therefore is not exhausted. Plaintiff argues that, because he is required to name each person, he should be permitted to file a duplicative grievance naming additional prison officials as he learns of their involvement. Because the retaliation claim against Young is identical to, and fails for the same reason as, the retaliation claim that has been exhausted as to the other defendants, the Court may address the retaliation claim against defendant Young without resolving this exhaustion issue. *See* 42 U.S.C. § 1997e(c)(2) (court may dismiss claim on the merits without first requiring exhaustion).

on the basis of plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

D.  *Plaintiff's Exhausted Retaliation Claim*

In his exhausted retaliation claim, plaintiff contends that defendant Snyder-Sumner, Gillespie, Young, and Days retaliated against him by transferring him from a one-man cell to a cell with eight prisoners. He contends that as a result of this transfer, he injured a muscle in his chest causing him pain, and that he is not able to practice his religious beliefs. The Court should conclude that defendants are entitled to summary judgment on this claim.

In order to succeed on his retaliation claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.). However, if the "defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id*. at 399. While the adverse action inquiry is ordinarily a question of fact for the jury, some "adverse actions" are so *de minimis* that they fail to state a retaliation claim as a matter of law. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99.

Here, plaintiff cannot demonstrate that he suffered an adverse action. A transfer or threat to transfer constitutes an adverse action only where the transfer will result in foreseeable negative consequences, such as more restrictive living conditions or impeding access to courts. *See Hill v. Lappin*, 630 F.3d 468, 474-75 (6th Cir. 2010); *Hix v. Tennessee Dep't of Corrections*, 196 Fed.

Appx. 350, 358 (6th Cir. 2006); *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). Plaintiff does not allege that he was subjected to more restrictive living conditions; on the contrary, plaintiff was moved to a less secure housing unit. Plaintiff injuring himself in the process of the move was not a foreseeable negative consequence of the transfer, but was an unforeseeable accident. Further, although plaintiff contends that he was not able to practice his religion as a result of the transfer, he does not allege or show that defendants knew of either his religious beliefs or that he would not be able to practice those beliefs if transferred, and thus he has not shown that the inability to practice his religion was a foreseeable negative consequence of the transfer. More fundamentally, plaintiff nowhere in his complaint or response to defendants' motion explains the basis of his assertion that he cannot practice his religion in an eight person cell. Plaintiff's conclusory allegations are insufficient to establish a retaliation claim. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (internal quotation omitted); *see also*, *Cox v. Jackson*, 579 F. Supp. 2d 831, 848 (E.D. Mich. 2008) (Rosen J., adopting Report of Komives, M.J.).

Further, plaintiff cannot show that defendants retaliated against him because they did not have the authority to transfer him. Defendant Gillespie avers, without contradiction from plaintiff, that as a Resident Unit Officer he did not have the authority to transfer plaintiff. *See* Def. Gillespie's Br., Ex. A, ¶ 5. The response to plaintiff's grievance on the issue indicates that the transfer was initiated by the Resident Unit Manager. *See* Def.'s Br., Ex. O. Defendants Snyder-Sumner and Days are corrections officer, defendant Gillespie was a Resident Unit Officer, and defendant Young was an Assistant Resident Unit Supervisor. None of the defendants were a Resident Unit Manager. Plaintiff does not allege, much less show, that any of the defendants had the authority to transfer him to another housing unit. And in the absence of such authority, defendants could not have retaliated

9

against plaintiff. *See Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999); *see also*, *Poppy v. City of Willoughby Hills*, 96 Fed. Appx. 292, 294-95 (6th Cir. 2004) (mayor of town could not be liable for retaliating against plaintiff by, among other things, "lobbying the City Council to fire" her, because only the Council had the power to effect the termination); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) ("Winkler's comments do not demonstrate a causal connection between [plaintiff's] filing of grievances and the decision to transfer him because it is uncontroverted that she was not the decisionmaker in this case. Consequently, her statements cannot be taken as evidence of a retaliatory motive."). Thus, plaintiff's retaliation claim fails as a matter of law.

E.     *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to raise a genuine issue of material fact with respect to whether he exhausted his claims against defendants Wallace and Western, and with respect to whether defendants Snyder-Sumner, Days, Young, and Gillespie retaliated against him. Accordingly, the Court should grant defendants' motions for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: June 26, 2013

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon David Lindensmith and Counsel of Record on this date.

Dated: June 26, 2013        s/ Lisa C. Bartlett
                            Case Manager