UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDENSMITH,

    Plaintiff,

v.                                                                                                  Case No. 12-14000

MELODY WALLACE, SANDRA SNYDER-SUMNER,    HON. AVERN COHN
ROBERT DAY, CHRISTOPHER YOUNG,
SABENA WESTON, ROBERT GILLESPIE,
and the ESTATE OF PRINCE,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 20)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 19)**
**AND**
**GRANTING ROBERT DAY, MELODY WALLACE, SANDRA SNYDER-SUMNER,**
**SABENA WESTON, and CHRISTOPHER YOUNG'S MOTION TO DISMISS OR FOR**
**SUMMARY JUDGMENT (Doc. 10)**
**AND**
**GRANTING ROBERT GILLESPIE'S MOTION TO DISMISS OR FOR SUMMARY**
**JUDGMENT (Doc. 16)**
**AND**
**DISMISSING CASE**

**I.  Introduction**

    This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff David Lindensmith filed a <u>pro se</u> complaint claiming that defendants[1] Melody Wallace, Sandra Snyder-Sumner, Robert Day, Christopher Young, Sabena Weston, and Robert Gillespie

---

[1]Plaintiff has also named the estate of library technician Prince as a defendant. The estate, however, has not been served and the time for service has passed. Accordingly, plaintiff's claims against the estate of Prince are DISMISSED WITHOUT PREJUDICE.

violated his First Amendment rights.  Essentially, plaintiff alleges that defendants retaliated against him for filing grievances by moving him out of his one-man cell.  As a result of the retaliation, plaintiff alleges that he suffered a physical injury and lost the ability to practice his religious beliefs.  Plaintiff also claims that Wallace and Prince violated his right of access to the courts by not properly handling his legal material.

The matter was referred to a magistrate judge for pretrial proceedings.  Day, Wallace, Snyder-Sumner, Weston, and Young filed a motion to dismiss or for summary judgment and Gillespie filed a separate motion to dismiss or for summary judgment.  The magistrate judge issued a report and recommendation (MJRR), recommending that the motions be treated as motions for summary judgment and that the motions be granted.

Before the Court are plaintiff's objections to the MJRR.  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motions for summary judgment will be granted, and the case will be dismissed.

## II.  Legal Standard

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### III. Analysis

Plaintiff objects to the magistrate judge's recommendation that his claims against Wallace and Weston be dismissed for failed to exhaust his administrative remedies. Nothing in plaintiff's objections convince the Court that the magistrate judge erred. While plaintiff says other defendants prevented him from identifying Wallace and Weston, it is plaintiff's obligation to name a defendant in a grievance in order to comply with the grievance policy.

Plaintiff also objects to the magistrate judge's conclusion that he had failed to show that he suffered an adverse action as a result of any alleged retaliation. Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. The magistrate judge carefully, and correctly, explained that plaintiff's alleged adverse actions–being moved to a different, and less secure, cell within the same facility and not being able to practice religious beliefs, without explanation as to how he cannot practice his beliefs–do not amount to adverse actions as a matter of law. Likewise, plaintiff's allegation that he was threatened with a transfer is not actionable,

particularly where the defendant who allegedly made the threat undisputedly has no authority to make transfer decisions.

### IV.  Conclusion

Accordingly, plaintiff's objections are OVERRULED.  The findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court.  Defendants' motions for summary judgment are GRANTED.  This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 29, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
Case Manager, (313) 234-5160